Matter of the Estate of MARY BOYLAN, Otherwise Known as MARY CLARK, Deceased.

(Surrogate's Court, New York County, November, 1898.)

Surrogate's court — Application by next of kin to compel the executrix of an administratrix to account — Statute of limitations.

An application, made under section 2606 of the Code of Civil Procedure by one of the next of kin of a decedent, to compel the executrix of a deceased administratrix to account, instituted fifteen years after letters testamentary had been issued upon the estate of the administratrix is, as a special proceeding and as a remedy analogous to an action at law to recover upon a demand due, barred by the six-year

Surrogate's Court, New York County, November, 1898. [Vol. 25.

Statute of Limitations, contained in section 383 of the Code of Civil Procedure.

APPLICATION under section 2606 to compel the executrix of a deceased administrator to account.

W. F. Randel, for petitioner.

Steinhardt & Goldman, for respondent.

ARNOLD, S. The application herein is made, under section 2606 of the Code of Civil Procedure, by the petitioner, claiming to be the only surviving next of kin of the decedent, and as such, interested in her estate, to compel the respondent as executrix of the will of the deceased administrator of such estate to render an account of the proceedings of her testator as such administrator. It appears that the decedent died in May, 1873, that letters of administration were granted upon her estate on February 12, 1874, that the administrator died on February 26, 1880, and that letters testamentary upon his will were issued to the respondent at some time between the latter date and March 1, 1883. The latter now sets up the Statute of Limitations as a bar to the petitioner's right to maintain the proceeding. In Matter of Rogers, 153 N. Y. 316, which was a proceeding by an administratrix de bonis non to compel an accounting by the executor of the will of the deceased executrix of the estate, the court held that as the proceeding was in the nature of a bill of discovery, the ten years' (Code Civ. Pro., § 388), and not the six years' (§ 382), Statute of Limitations applied, the provisions of such sections being by section 414 made applicable to special proceedings; but, inasmuch as the right to maintain such proceeding was first given to a successor in administration by the provisions of section 2606, Code of Civil Procedure, which became operative September 1, 1880, and ten years had not elapsed between such date and the commencement of the proceeding, the petitioner was not barred by the statute. But it was said to be well settled (citing numerous authorities), that as to legacies not charged upon land, distributive shares of an estate and debts owing by the decedent, the statutes of this State give a concurrent remedy to legatees, creditors and next of kin, in courts of law and equity and in the Surrogate's Court, and that as the Statute of Limitations is a bar at law it is also a bar in the Surrogate's Court or in a court of

equity; and that if the petitioner had applied as next of kin, her remedy would have been analogous to an action at law to recover a demand that was due, and, hence, would have been governed by the six years' statute. The present proceeding was not commenced until at least fifteen years after letters testamentary were issued to the respondent, and it follows that the petitioner's right to maintain the same was then barred by the statute. The petition must be dismissed, and an order to that effect may be submitted.

Petition dismissed.